# UNITED STATES DISTRICT COURT

## District of New Jersey

Chambers of
William H. Walls
District Judge
—————

(973) 645-2564
(973) 645-3436 Fax

Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

<u>NOT FOR PUBLICATION</u>

<u>LETTER OPINION</u>

<u>ORIGINAL ON FILE WITH CLERK OF COURT</u>

June 25, 2007

Appearances:

*Plaintiff Pro Se*
Matthew Tucker
Greystone Hospital
#18552
Central Avenue Complex, Wing-B
Greystone, NJ 07950

*Attorney for Defendant*
Kimberly A. Sked
Office of the NJ Attorney General
RJ Hughes Justice Complex
25 Market Street
PO Box 112
Trenton, NJ 08625-00112

Re:    <u>Tucker v. I'Jama</u>, No. 04-0277 (WHW)
       Appeal of Magistrate's Decision Denying Motion to Amend Complaint and to Compel
       Defendant I'Jama to Provide Information

1

**NOT FOR PUBLICATION**

Dear Litigants:

Plaintiff Matthew Tucker ("Tucker") appeals from Magistrate Judge Hedges' January 5, 2007 and February 21, 2007 orders denying Tucker's motions to amend his complaint and to compel Defendant Collins I'Jama to provide contact information for individuals employed in the Greystone Park Psychiatric Hospital mail room. Magistrate Judge Hedges' orders are affirmed in part, and reversed in part.

<u>RELEVANT FACTS AND PROCEDURAL HISTORY</u>

On January 23, 2004 Matthew Tucker filed a Complaint naming Collins I'Jama ("I'Jama"), Clerk of the Superior Court of New Jersey, Newark, NJ as the defendant. The Complaint alleges that I'Jama violated Tucker's right of access to the Court when he did not file complaints which Tucker mailed from Greystone Park Psychiatric Hospital ("Greystone") to the Superior Court of New Jersey in Newark, New Jersey. The case was dismissed on March 1, 2004 on immunity grounds. Tucker appealed, and on April 6, 2004, the Third Circuit vacated the Court's order and remanded the case for further proceedings.

On November 3, 2006, Tucker moved to amend the Complaint to name additional defendants and to compel I'Jama to provide contact information for individuals employed in the Greystone mail room. On January 5, 2007, Magistrate Judge Hedges issued a letter-order (the "January Order") denying Tucker's motion. On January 22, 2007, Tucker appealed the January Order. On February 9, 2007, Tucker filed a motion to amend the motion to amend the complaint. This motion was denied by Magistrate Judge Hedges on February 21, 2007 (the "February Order"). Tucker appealed the February Order on March 5, 2007. The Court now considers

**NOT FOR PUBLICATION**

Tucker's appeals of the January and February Orders.

STANDARD OF REVIEW

The Federal Magistrates Act provides two separate standards of judicial review: (1) "de novo" for magistrate resolution of dispositive matters, <u>see</u> 28 U.S.C. § 636(b)(1)(B)-(C), and (2) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters.  <u>See</u> 28 U.S.C. § 636(b)(1)(A); L. Civ. R. 72(a); <u>Cippollone v. Liggett Group, Inc.</u>, 785 F.2d 1108 (3d Cir. 1986).  Because the issues raised by Tucker concern nondispositive matters, this court can set aside Magistrate Judge Hedges' order only if it is clearly erroneous or contrary to law.

A finding is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law.  "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on consideration of the entire evidence is left with the definite and firm conviction that a mistake has been committed." <u>LoBosco v. Kure Engineering Ltd.</u>, 891 F. Supp. 1035, 1037 (D.N.J. 1995) (quoting <u>United States v. Gypsum Co.</u>, 333 U.S. 364, 395 (1948)).

The Third Circuit has interpreted this to mean that the reviewing court must accept the factual determination of the fact finder unless that determination "either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." <u>Haines v. Liggett Group Inc.</u>, 975 F.2d 81, 92 (3d Cir. 1992) (quoting <u>Krasnov v. Dinan</u>, 465 F.2d 1298, 1302 (3d Cir. 1972)).  Under the clearly erroneous standard of review, the reviewing court will not reverse the magistrate judge's determination "even if the court might have decided the matter differently." <u>Cardona v. General Motors Corp.</u>, 942 F. Supp. 968, 971 (D.N.J. 1996) (quoting <u>Toth v. Alice Pearly, Inc.</u>, 158

3

NOT FOR PUBLICATION

F.R.D. 47, 50 (D.N.J. 1994) (citing Anderson v. City of Bessemer City, 470 U.S. 564, 574

(1985)).  In reviewing the magistrate judge's factual determination, a district court may not

consider any evidence which was not presented to the magistrate judge.  See Haines, 975 F.2d at

92; Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205, 213 (D.N.J. 1997).

DISCUSSION

**1. Motion to Amend the Complaint**

  Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive

pleading has been filed, "a party may amend the party's pleading only by leave of the court or by

written consent of the adverse party; and leave shall be freely granted when justice so requires."

Fed. R. Civ. P 15(a).  The Supreme Court has stated,

> In the absence of any apparent or declared reason- such as undue delay, bad faith or
> dilatory motive on the part of the movant, repeated failure to cure deficiencies by
> amendments previously allowed, undue prejudice to the opposing party by virtue of
> allowance of the amendment, futility of the amendment, etc.- the leave sought should, as
> the rules require, be freely given.

Forman v. Davis, 371 U.S. 178, 182 (1962) (internal quotations omitted).

  Tucker moved to amend the Complaint to add additional defendants.  Magistrate Judge

Hedges denied this motion on the grounds that he was "unable to understand from the motion

papers exactly who Tucker wishes to name as a defendant or the causes of action which plaintiff

seeks to assert against any new defendants."  January Order.

  Tucker's petition to amend is not a model of clarity.  However, since he is proceeding pro

se, the Court will read his petition liberally to determine if there is any basis for the relief he

requests.  See Haines v. Kerner, 404 U.S. 519 (1972) (applying liberal standards to pro se

4

**NOT FOR PUBLICATION**

litigants).

Tucker's motion to amend indicates that through discovery, he learned that there may be other parties who are liable. Specifically, he notes that Defendant I'Jama represented that he did not receive the legal mail from Tucker which is referenced in his Complaint. Tucker indicates that he would like to amend his Complaint to name as defendants those individuals at Greystone who were responsible for handling and mailing his legal mail. Additionally, Tucker's motion indicates that he would like to add Danielle Barnave and Beverly Bailey, the individuals to whom he allegedly gave his legal mail to be mailed, as defendants.

The action is still in a preliminary stage and pursuant to a request from the defendant, the scheduling order requirements are suspended pending this motion. Discovery has only recently begun and there is no pending trial date. There was no undue delay, bad faith or dilatory motive, or undue prejudice on Tucker's part in seeking to amend. Magistrate Judge Hedges' January Order with respect to the motion to amend the complaint is reversed, and Tucker may amend his complaint. Since the Court grants Tucker leave to amend his complaint, his appeal of Magistrate Judge Hedges' February Order, denying Tucker's motion to amend the motion to amend the complaint, is moot.

**2. Motion to Compel Defendant to Provide Information**

Tucker also asked the Court to order Defendant I'Jama, through his counsel, Kimberly A. Sked, to provide him with the names and addresses of persons who were employed in the mail room at Greystone at the time Tucker gave his legal mail dated June 12, 2002, June 17, 2002, June 18, 2002, and July 1, 2002 to Greystone. Tucker further asks the Court to order Ms. Sked to

**NOT FOR PUBLICATION**

provide him with the addresses of Danielle Barnave, Beverly Bailey, and the names and addresses of those individuals working in mail room at Greystone on the dates he gave his legal mail.

The Court concludes that such relief is more properly directed at a legal representative of Greystone, if and when that entity is brought into the case.  Accordingly, Magistrate Judge Hedges' January Order with respect to the motion to compel, is affirmed.

<u>CONCLUSION</u>

It is on this 25th day of June, 2007

ORDERED that Magistrate Judge Hedges' January 5, 2007 Letter-Order denying Tucker's motion to amend his complaint is REVERSED; it is further

ORDERED that Tucker has thirty (30) days from the date of this order to amend his Complaint; and it is further

ORDERED that the January 5, 2007 Letter-Order denying Tucker's motion to compel Defendant I'Jama to provide contact information for individuals at Greystone Park Psychiatric Hospital is AFFIRMED.

　　　　　　　　　　　　　　　　　　　　　**  s/ William H. Walls        **
　　　　　　　　　　　　　　　　　　　　　United States Senior District Judge