# UNITED STATES DISTRICT COURT

District of New Jersey

Chambers of
**William H. Walls**
Senior District Judge
_____

(973) 645-2564
(973) 645-3436 Fax

Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

NOT FOR PUBLICATION

LETTER OPINION

ORIGINAL ON FILE WITH CLERK OF COURT

January 16, 2008

**Appearances:**

Matthew Tucker, #18552
Greystone Park Psychiatric Hospital
10 Ellis Drive, 3rd Floor
Central Avenue Complex, Wing-B
Greystone, NJ  07950

Matthew A. Sapienza, Esq.
Office of the New Jersey Attorney General
Department of Law and Public Safety
25 Market Street
P.O. Box 112
Trenton, NJ  08625-00112

Re:   Tucker v. I'Jama, et al. - 04-277 (WHW)
      Motion for Reconsideration of Order Affirming the Magistrate's Order Dated June 18,
      2007 Entered on July 2, 2007 by Judge William H. Walls

Dear Litigants:

   Pro se Plaintiff Matthew Tucker moves for reconsideration of the Court's July 2, 2007

Letter Opinion and Order affirming Magistrate Judge Madeline Cox Arleo's June 18, 2007 Letter

Order denying Plaintiff's motion to order the Attorney General of New Jersey to order the Chief Executive Officer of Greystone Park Psychiatric Hospital ("Greystone") to have her staff make copies of Plaintiff's legal documents. Pursuant to Federal Rule of Civil Procedure 78, the Court decides this motion without oral argument. Plaintiff's motion for reconsideration is granted.

## FACTS AND PROCEDURAL BACKGROUND

On January 23, 2004, Plaintiff Matthew Tucker, a patient who is involuntarily committed at Greystone, filed his Complaint against "Collins I'Jama, Clerk of Court, Superior Court of N. Jersey, Newark, N. Jersey," alleging that he "submitted several complaints to Mr. Collins I'Jama's office" and that "[i]t has been over a year and a half and counting and the office of Mr. Collins I'Jama has not filed or processed Tucker's Complaints." (Compl. 1, 2-3.) According to Plaintiff, "Mr. I'Jama's actions has caused prolonged deprivation to Matthew Tucker's Right to Due Process and Equal Protection of the law." (Id. 3.) The Court dismissed Plaintiff's Complaint on absolute immunity grounds on March 1, 2004. Following Plaintiff's appeal, the Third Circuit entered judgment, vacating the Court's ruling and remanding for further proceedings on April 6, 2006.

Plaintiff filed a motion to order the Attorney General of New Jersey to order the Chief Executive Officer of Greystone to have her staff make copies of Plaintiff's legal documents on June 6, 2007. Magistrate Judge Arleo denied this motion on June 18, 2007. On June 25, 2007, Plaintiff filed a motion for reconsideration of the Magistrate Judge's June 18, 2007 Order, which the Court treated as an appeal to the district court. Plaintiff's motion was denied on July 2, 2007. Plaintiff now seeks reconsideration of that July 2, 2007 Order.

## STANDARD

A motion for reconsideration is governed by Local Civil Rule 7.1(i). The decision of whether to grant a motion for reconsideration is within the discretion of the district court. See Le v. Univ. of Pa., 321 F.3d 403, 405-06 (3d Cir. 2003). A motion for reconsideration should be granted only when the movant shows – "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules should be granted "very sparingly," and only when "dispositive factual matters or controlling decisions of law" are brought to the court's attention but not considered. Yurecko v. Port Auth. Trans-Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003) (citations omitted).

Local Civil Rule 7.1(i) requires the party moving for reconsideration to file a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." The movant must focus its arguments on what the court may have overlooked because the purpose of this limitation is to "encourage parties to present their positions as completely as possible, and to prevent parties from filing a second motion, with the hindsight provided by the court's analysis, covering issues that should have been raised in the first set of motions." United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994) (quotation omitted). The movant may not use a motion for reconsideration to "relitigate old matters, nor to

raise arguments or present evidence that could have been raised prior to the entry of judgment." P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001) (citing 11 Charles Alan Wright, et al., Federal Practice & Procedure § 2810.1 (2d ed. 2006)).

## DISCUSSION

In his motion for reconsideration, Plaintiff Matthew Tucker suggests that both the Magistrate Judge and the Court misinterpreted his original motion filed on June 2, 2007, and the appeal of that motion filed on June 25, 2007, respectively. According to Plaintiff, "Tucker did not argue that Magistrate Judge Arleo order Defendants to produce any documents in Greystone's possession that Tucker had attempted to submit to the New Jersey state and federal courts. Neither did Matthew Tucker make this argument on appeal to Judge Walls." (Motion for Reconsideration (No. 63) 1.) Plaintiff states that his original motion argued that "Matthew Tucker was being denied a fundamental Right to have copies made of his legal documents drafted for submission to this Court and copy for Defense and copy for plaintiff, and not copies of prior legal documents already drafted and sent to this Court prior to May 24, 2007." (Id. 2.)

In his original motion, Plaintiff said that he had "asked the staff clerk . . . to make some copies of some legal documents (originals) so that Plaintiff could keep a copy for himself and serve a copy of the legal document on Defendants" to which he was informed that "she was told not to make no more copies for [him]." (Motion (No. 49) 1-2.) Accordingly, Plaintiff argued that "Plaintiff Due Process and Equal Protection of the Law Rights which encompasses Access to the Court which encompasses the Right to make copies or have copies made when Plaintiff is under the suppression of the state of New Jersey" was violated. (Id. 2-3.) Plaintiff had made a

-4-

similar request in a May 24, 2007 letter to New Jersey Attorney General Stuart Rabner, but because "Mr. Stuart Rabner failed to address the issue . . . . Plaintiff had no other recourse but to ask this Court" for relief.  (Id. 3-4.)  In her June 18, 2007 Letter Order, Magistrate Judge Arleo stated that Plaintiff "wishes the attorney general to order a chief executive at the Greystone Psychiatric Hospital to make copies of 'plaintiff's legal documents'" and held that " [y]our request as phrased is denied."  (Letter Order (No. 51).)  Magistrate Judge Arleo ruled further that "[i]f you are seeking documents, you should make that request consistent with the federal rules of civil procedure."  (Id.)

     In his appeal of the Magistrate Judge's Order, Plaintiff claimed that "Plaintiff was not seeking to have Defendants give up copies of documents."  (Motion (No. 53) 1.)  He argued again that "Matthew Tucker was being denied a fundamental Right to have copies made of Matthew Tucker's legal documents drafted for submission to this Court and copy served on Defendant and copy kept by Plaintiff for his record."  (Id. 1-2.)  In its July 2, 2007 Letter Opinion, the Court characterized Plaintiff's arguments as follows: "He maintains he did not request documents from the defendant but sought the Court to order the chief executive of Greystone to produce any documents in Greystone's possession that Tucker had attempted to submit to the New Jersey state and federal courts."  (Letter Opinion (No. 59) 2.)  The Court ruled that "Tucker's argument is not on point," noting that "Magistrate Judge Arleo's order indicated to Tucker that Rule 34(c) and Rule 45 govern document requests from persons not parties to the action."  (Id.)

Plaintiff is correct that the Court misinterpreted his motions.[1] Plaintiff is not seeking the production of any documents, whether originating with Defendants or previously submitted by himself. Rather, Plaintiff simply requests an order directing the Greystone staff to make copies of all of his future submissions to the Court.

The New Jersey Administrative Code states:

> (a) The Department of Corrections shall provide photocopies of legal material, as that term is defined in N.J.A.C. 10A:1-2.2 to inmates at the rate of $.10 per page, in accordance with the guidelines and limitations set forth in this subchapter.
>
> (b) Each correctional facility shall establish written procedures by which inmates are permitted to have legal material photocopied.
>
> (c) At a minimum, inmates may submit legal material to be photocopied to a staff member designated by the Supervisor of Education, or an inmate paralegal under the supervision of a designated staff member, during the hours established by the Administrator or designee. The original and photocopies of the legal material shall be returned to the inmate within four business days of submission unless return of the legal material is prevented by exceptional circumstances.

N.J. Admin. Code § 10A:6-2.5 (2008). Section 10A:1-2.2 defines "legal material" in the following manner:

> "Legal material" means papers or documents that are required to be filed with the court and served upon opposing parties. Legal material includes:
>
> 1. Orders required by their terms to be served;
> 2. Written notices;
> 3. Written motions;

---

[1] It is unclear whether Magistrate Judge Arleo also misinterpreted Plaintiff's motion because although she paraphrased Plaintiff's requested relief as "wish[ing] the attorney general to order a chief executive at the Greystone Psychiatric Hospital to make copies of 'plaintiff's legal documents,'" which is on point, her later statement that "[i]f you are seeking documents, you should make that request consistent with the federal rules of civil procedure" is not.

>4. Demands, or answers to demands which the inmate is required to serve, such as, for the production of documents for interrogatories;
>5. Offers of judgment;
>6. Designations of records on appeal;
>7. Briefs;
>8. Petitions;
>9. Summons; and
>10. Complaints.

The Court is unaware of Greystone's written procedures governing the photocopying of legal material, but regardless of those written procedures, the regulations prescribe that "[a]t a minimum, inmates may submit legal material to be photocopied . . . during the hours established by the Administrator or designee." § 10A:6-2.5. Provided that Plaintiff follows Greystone's written procedures, he must be permitted to make copies of his legal material at a rate of $.10 per page.

Plaintiff's motion for reconsideration is granted, reversing the Court's July 2, 2007 Order and Magistrate Judge Arleo's June 18, 2007 Letter Order.

## CONCLUSION

It is on this 16th day of January, 2008,

**ORDERED** that Plaintiff Matthew Tucker's motion for reconsideration of Order affirming the Magistrate's Order dated June 18, 2007 entered on July 2, 2007 by Judge William H. Walls is **GRANTED**;

It is further **ORDERED** that Greystone Park Psychiatric Hospital must permit the photocopying of Plaintiff's legal material in accordance with its written procedures at a rate of $.10 per page.

<u>s/William H. Walls</u>
United States Senior District Judge
