# UNITED STATES DISTRICT COURT

District of New Jersey

| | |
|---|---|
| Chambers of<br>**William H. Walls**<br>Senior District Judge<br>_____<br><br>(973) 645-2564<br>(973) 645-3436 Fax | Martin Luther King Jr.<br>Federal Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07102 |

NOT FOR PUBLICATION

LETTER OPINION

ORIGINAL ON FILE WITH CLERK OF COURT

June 3, 2008

**Appearances:**

Matthew Tucker, #18552
Greystone Park Psychiatric Hospital
10 Ellis Drive, 3rd Floor
Central Avenue Complex, Wing-B
Greystone, NJ  07950

Joseph Ives Picillo, Esq.
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 116
Trenton, NJ  08625-0116

Re:   Tucker v. I'Jama, et al. - 04-277 (WHW)
      Motion to Find Defendants Danielle Barnave and Beverly Bailey in Default and Basis for
      Plaintiff Wanting Default Judgement in the Amount of $2,000,000.00 in Referenced State
      Law Claims Raised by Plaintiff

Dear Litigants:

    Pro se Plaintiff Matthew Tucker moves for an entry of default and default judgment as to

Defendants Beverly Bailey and Danielle Barnave.  Pursuant to Fed. R. Civ. P. 78, the Court

decides this motion without oral argument. Plaintiff's motion for an entry of default and default judgment is denied.

## FACTS AND PROCEDURAL BACKGROUND

On January 23, 2004, Plaintiff Matthew Tucker, a patient who is involuntarily committed at Greystone Park Psychiatric Hospital, filed his Complaint against "Collins I'Jama, Clerk of Court, Superior Court of N. Jersey, Newark, N. Jersey," alleging that he "submitted several complaints to Mr. Collins I'Jama's office" and that "[i]t has been over a year and a half and counting and the office of Mr. Collins I'Jama has not filed or processed Tucker's Complaints." (Compl. (No. 1) at 1, 2-3.) According to Plaintiff, "Mr. I'Jama's actions has caused prolonged deprivation to Matthew Tucker's Right to Due Process and Equal Protection of the law." (Id. at 3.) The Court dismissed Plaintiff's Complaint on absolute immunity grounds on March 1, 2004. Following Plaintiff's appeal, the Third Circuit entered judgment, vacating the Court's ruling and remanding for further proceedings on April 6, 2006.

On November 3, 2006, Plaintiff moved to amend his Complaint to name additional defendants, but Magistrate Judge Ronald J. Hedges denied that motion in a January 5, 2007 Letter Order. In a June 25, 2007 Opinion and Letter Order, the Court reversed Magistrate Judge Hedges's January 5, 2007 Letter Order with respect to Plaintiff's motion to amend his Complaint. On July 3, 2007, Plaintiff filed his Amended Complaint, naming Beverly Bailey and Danielle Barnave as Defendants. United States Marshal ("USM") Forms 285, "Process Receipt and Return," (No. 72) indicate that Defendants Bailey and Barnave were "personally served" with summonses and copies of the Amended Complaint on October 29, 2007. Following

Defendants Bailey and Barnave's failure to file responsive pleadings, Plaintiff filed this motion for entry of default and default judgment on December 4, 2007.[1]  On March 17, 2008, Plaintiff filed a supplement to this motion.  Defendants Bailey and Barnave filed a motion on May 29, 2008, requesting, in part, an order vacating default.

## LEGAL STANDARD

Fed. R. Civ. P. 55(a) states the following:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

"Although the Rule refers only to the clerk's entry of default, it is undisputed that the court may impose a default as a sanction." Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 917 n.11 (3d Cir. 1992) (citations omitted); see also 10A Charles Alan Wright, et al., Federal Practice & Procedure § 2682 (3d ed. 2007) ("The fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so."). Whether or not to enter default against a defendant, however, is a matter for the court's discretion. See Davis v. Parkhill-Goodloe Co., 302 F.2d 489, 495-96 (5th Cir. 1962) (approving of the district court's "refusal . . . to direct the Clerk to enter a default . . . and then proceed to render a judgment on the default" because "[t]o have granted it under these circumstances would have been a return to technicalities out of keeping with the aim declared in the very first Rule"); see also 10A Wright, et al., Federal Practice & Procedure § 2682 ("[T]he court should exercise discretion in deciding

---

[1] Plaintiff originally filed a motion for entry of default and default judgment on December 3, 2007, but one day later filed a motion to strike that motion.

whether or not to order a default.").

Fed. R. Civ. P. 55(b)(2) governs the Court's entry of default judgment. The party against whom default judgment is requested must have been properly served with process. Fed. R. Civ. P. 55(b)(2); Local Union No. 98, Int'l Bd. of Elec. Workers v. Cableco, Inc., No. 99-755, 1999 WL 269903, at *1 (E.D. Pa. Apr. 28, 1999). Before a default judgment may be entered by the court, the moving party must have obtained an entry of default pursuant to Fed. R. Civ. P. 55(a). See 10A Wright, et al., Federal Practice & Procedure § 2682.

A party seeking default judgment is not entitled to such relief as a matter of right, even where the defendant was served with process, and where the default has been noted pursuant to Fed. R. Civ. P. 55(a). See, e.g., Cableco, Inc., 1999 WL 269903 at *1. The district court has the discretion to enter default judgment, although entry of default judgments are disfavored because decisions on the merits are preferred. Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir.1984). When entertaining a motion for default judgment, a court may consider the following factors: the potential amount of damages; whether issues of material fact or substantial public concern are implicated; whether the default is primarily technical; whether the moving party has been substantially prejudiced by the delay involved; whether the grounds for default are clearly established or in doubt; whether the default was attributable to good faith, mistake, or excusable neglect; and whether the court may later be obliged to set aside the default. Franklin v. Nat'l Maritime Union of Am., No. 91-0480, 1991 WL 131182, at *1 (D.N.J. July 16, 1991), aff'd, 972 F.2d 1331 (3d Cir.1992).

## DISCUSSION

### 1. Motion for Entry of Default

USM Forms 285 provide that Defendants Beverly Bailey and Danielle Barnave were "personally served" with summonses and copies of the Amended Complaint on October 29, 2007. (See USM Forms 285 (No. 72).) Despite his unnecessary qualifying language, their counsel does not deny this. (See Cert. of Counsel (No. 85) ¶ 5.) The Court, however, had not received anything from Defendants Bailey and Barnave until May 29, 2008 – over six months after the deadline for filing their answers, as indicated on the docket – wherein they still neglected to file an answer to Plaintiff Matthew Tucker's Amended Complaint or to respond to this motion and instead filed a motion, requesting, in part, that the Court vacate default, which has not even been entered to this point by the Clerk of the Court.[2]

Given that entry of default is a matter for the Court's discretion when it has not been entered by the Clerk of the Court under Fed. R. Civ. P. 55(a), the Court denies Plaintiff's motion as to the entry of default because such a remedy would be futile in light of Defendants Bailey and Barnave's premature motion, requesting, in part, that the Court vacate default. As a policy matter, the Court seldom enters default against a defendant, and only does so in extraordinary circumstances, given its preference for allowing defendants the right to argue a case on its substantive merits.

---

[2] Moreover, in this May 29, 2008 motion, Defendants Bailey and Barnave's counsel had the temerity to request an extension to file his clients' answer to the Amended Complaint until July 21, 2008 – nearly nine months after their having been "personally served" with the Amended Complaint.

The Court, however, cautions Defendants Bailey and Barnave that it will have little patience in the future for their, or their counsel's, failure to meet the deadlines established by the Federal Rules of Civil Procedure, Magistrate Judge Claire C. Cecchi, and the Court. Plaintiff's Amended Complaint makes allegations as to the deprivation of his constitutional rights, and the Court does not take such allegations lightly. Plaintiff is entitled to a fair opportunity to present his case to ensure that any meritorious causes of action are redressed in accordance with the law.

### 2. Motion for Entry of Default Judgment

An entry of default judgment necessarily requires an earlier entry of default. Accordingly, given that the Court has determined that it will deny Plaintiff's motion to the extent that he requests an entry of default, it will also deny his motion as to the entry of default judgment.

### CONCLUSION

It is on this 3rd day of June, 2008,

**ORDERED** that Plaintiff Matthew Tucker's motion to find Defendants Danielle Barnave and Beverly Bailey in default and basis for Plaintiff wanting default judgement in the amount of $2,000,000.00 in referenced state law claims raised by Plaintiff (No. 76) is **DENIED**.

s/William H. Walls<br>
United States Senior District Judge