UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW TUCKER, : <br> : <br> Plaintiff, : <br> v. : **OPINION** <br> : <br> COLLINS I'JAMA, CLERK OF COURT, : Civ. No. 04-277 (WHW) <br> SUPERIOR COURT N. JERSEY, : <br> NEWARK, N. JERSEY, BEVERLY : <br> BAILEY, DANIELLE BARNAVE, and : <br> JOHN and JANE DOE, Employees of the : <br> Mail Room, Greystone Park Psychiatric : <br> Hospital, State of New Jersey, : <br> : <br> Defendants. | |

**Walls, Senior District Judge**

Defendants Collins I'Jama, Danielle Barnave and Beverly Bailey move for summary judgment under Fed. R. Civ. P. 56 to dismiss plaintiff Matthew Tucker's claims for civil rights violations under 42 U.S.C. § 1983. Pursuant to Fed. R. Civ. P. 78, the Court decides these motions without oral argument. Defendants' motions are granted.

**FACTS AND PROCEDURAL BACKGROUND**

On January 23, 2004, plaintiff Matthew Tucker, a patient who is involuntarily committed at Greystone Park Psychiatric Hospital, filed his Complaint against "Collins I'Jama, Clerk of Court, Superior Court of N. Jersey, Newark, N. Jersey," alleging that he "submitted several complaints to Mr. Collins I'Jama's office" and that "[i]t has been over a year and a half and counting and the office of Mr. Collins I'Jama has not filed or processed Tucker's Complaints [sic]." (Compl. (No. 1) at 1, 2-3.) According to plaintiff, "Mr. I'Jama's actions has caused prolonged deprivation to Matthew Tucker's Right to Due Process and Equal Protection of the

law." (Id. at 3.) The Court dismissed plaintiff's Complaint on absolute immunity grounds on March 1, 2004. Following plaintiff's appeal, the Third Circuit vacated the Court's ruling and remanded for further proceedings on April 6, 2006.

On November 3, 2006, plaintiff moved to amend his Complaint to name additional defendants, but Magistrate Judge Ronald J. Hedges denied that motion in a January 5, 2007 Letter Order. In a June 25, 2007 Opinion and Letter Order, this Court reversed Magistrate Judge Hedges's January 5, 2007 Letter Order with respect to plaintiff's motion to amend his Complaint. On July 3, 2007, plaintiff filed his Amended Complaint, naming Beverly Bailey and Danielle Barnave as defendants.

Defendants now move for summary judgment. Plaintiff opposes the motions.[1]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the moving party establishes that "there is no genuine issue as to any material fact and that [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute between the parties will not defeat a motion for summary judgment unless it is both genuine and material. See Anderson v. Liberty Lobby, Inc., 477 U.S.

---

[1] On October 25, 2008, the Court ordered plaintiff to resubmit his responses to defendants' motions in a more legible handwritten script or typewritten form. (Dkt Entry No. 106.) Plaintiff did not resubmit his responses as ordered and continued to submit additional documents in the same illegible script. The Court again ordered plaintiff to resubmit his responses in in a more legible handwritten script or typewritten form. (Dkt. Entry No. 108.) The Court advised plaintiff on December 17, 2008 that his opposition will not be considered due to his failure to comply with the earlier orders. (Dkt. Entry No. 115.) Plaintiff filed a motion to accept his responses to defendants' motions for summary judgment as legible on December 30, 2008 attaching a re-written response. (Dkt. Entry No. 117.) Given plaintiff's lack of access to a computer or typewriter and his efforts to comply with the Court's Order, his last filed response will be considered to the extent the Court can decipher it.

242, 247-48, 106 S. Ct. 2505, 2510 (1986). A factual dispute is material if, under the substantive law, it would affect the outcome of the suit and it is genuine if a reasonable jury could return a verdict for the non-moving party. See id. at 248. The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts" in question. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). To survive a motion for summary judgment, the non-moving party must present "more than a scintilla of evidence showing that there is a genuine issue for trial." Woloszyn v. County of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005). The non-moving party must go beyond the pleadings and, by affidavits or other evidence, designate specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 323-24. "Conclusory statements, general denials, and factual allegations not based on personal knowledge [are] insufficient to avoid summary judgment." Olympic Junior, Inc. v. David Crystal, Inc., 463 F.2d 1141, 1146 (3d Cir. 1972).

At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. See Anderson, 477 U.S. at 249. In doing so, the court must construe the facts and

inferences in the light most favorable to the non-moving party. See id. at 255; Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002).

## DISCUSSION

Plaintiff alleges that defendants denied him his constitutional right of access to the courts by failing to mail specific legal documents prepared by plaintiff to the Superior Court of New Jersey. (See, Amnd. Compl. (No. 57) at 6). Plaintiff further alleges negligence on the part of defendants in the handling or mishandling of the specified mail. (Id. at 7). "To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Section 1983 "does not create substantive rights, but provides a remedy for the violation of rights created by federal law." Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995) (citing Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)). "The first inquiry in any §1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws." Baker v. McCollan, 443 U.S. 137, 140 (1979).

To succeed on his §1983 claims, plaintiff must prove actual, specific conduct by the defendants which violated his constitutional right of access to the courts. Ruffin v. Beal, 468 F.Supp. 482, 490 (E.D.Pa. 1978); See also Gittlemacker v. Prasse, 428 F.2d 1, 3 (3d Cir. 1970). The Third Circuit has recognized that "the Supreme Court has removed negligent denials of access from the reach of § 1983." Turner v. Donnelly, 156 Fed. Appx. 481, 483 (3d Cir. 2005) (citing Daniels v. Williams, 474 U.S. 327, 328 (1986)); see also Berg v. County of Allegheny,

219 F.3d 261, 274 (3d Cir. 2000) ("Negligence by public officials is not actionable as a due process violation."); Snyder v. Nolen, 380 F.3d 279, 291 n.1 (7th Cir. 2004) ("An allegation of simple negligence will not support a claim that an official has denied an individual access to the courts."). In addition to proving deliberate denial of access, plaintiff must also "prove that he suffered an actual injury, and the claim must be alleged with sufficient clarity to show that it has some arguable merit." Tucker v. Monroe, 2008 U.S. App. LEXIS 17373 (3d Cir. Aug. 12, 2008) (citing Christopher v. Harbury, 536 U.S. 403, 415 (2002); Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997); Lewis v. Casey, 518 U.S. 343, 351 (1996)).

The facts surrounding plaintiff's mailing of the complaints are not in dispute. As revealed in plaintiff's deposition, in each instance he wrote the complaint, (Dep. of Matthew Tucker, 15:11-18), placed it in an envelope, (Id. 15:19-21), addressed and sealed the envelope himself, (Id. 15:22-25), and then handed the envelope to defendant Bailey. (Id. 76:25 - 77:22). Plaintiff then observed Bailey take the envelope to the third floor office and place it on a table. (Id. 77:3-25 and 79:2-9). Thereafter, plaintiff observed defendant Barnave pick up the envelope from the table and leave the office, he presumed, to take it downstairs for processing. (Id. 79:9 - 80:5). Plaintiff testified that he witnessed this pattern for each of the three complaints that are the focus of this action. (Id. 90:2-22).

### A. The Undisputed Facts Do Not Show Defendants Acted With Intent

These facts are insufficient to show that defendants performed any deliberate acts to violate plaintiff's access to the courts. At best, plaintiff's allegations could support an inference that defendants accidentally mishandled his mail once it left the third floor of Greystone

Hospital. This inference, however, falls short of the required showing that plaintiff must demonstrate that defendants alleged mishandling of the mail was deliberate rather than the result of a lack of due care. See Daniels, 474 U. S. at 328 ("We conclude that the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"). Plaintiff's §1983 claims are dismissed for failure to show that defendants deliberately interfered with plaintiff's constitutional rights.

      B. Plaintiff Has Failed To Prove Any Injury

Even if plaintiff's factual allegations were sufficient to support an inference of intentional interference by defendants, his failure to show any injury as a result of these acts is also fatal to his §1983 claims.

Plaintiff admits in his deposition he was aware that he had the opportunity to refile his complaints after discovering that the original mailings had not been received, but that he chose not to refile. (Dep. of Matthew Tucker, 31:6 - 32:18). This opportunity to correct forecloses any claim that plaintiff was injured by defendants' acts. As Judge Easterbrook of the Seventh Circuit noted "litigants have 'access' to the court when there are avenues to correct mistakes." Snyder, 380 F.3d at 292 (Easterbrook, J., concurring).  Since plaintiff retained the ability to litigate his claims after discovering that his initial complaints had not been filed, his right of access to the courts was not violated and he cannot allege any injury.

The Court recognizes that defendants have dedicated a significant portion of their briefing to arguing that there plaintiff could not have suffered any injury since the mailed complaints were ultimately frivolous. See Lewis, 518 U.S. at 353 n. 3 (1996) ("[d]epriving

someone of a frivolous claim ... deprives him of nothing at all"). The Court does not address these arguments since plaintiff's failure to carry his evidential burden and his opportunity to correct any possible injury are sufficient grounds to grant defendants' summary judgement motions.

    C. <u>Certification of Any Future Claims</u>

Defendants have presented unrebutted evidence that plaintiff has filed repetitious claims in this District as well as the New Jersey Superior Court. On November 14, 1992, Chief Judge Bissell ordered the Clerk of this District to only accept for filing future pleadings or civil actions from plaintiff if he either (1) paid the requisite docketing fee; or (2) obtained leave of Court. <u>See</u> <u>Tucker v. Walsh</u>, No. 02-4667 (JWB), Dkt.. Entry No. 3 (D.N.J. Nov. 14, 2002).  To seek the leave of the Court, the Order required plaintiff to certify that the claims he raises have not been raised and disposed of on the merits by any federal or state court; the Order further provided that his failure to certify will be grounds for denial of leave of Court. <u>See id.</u>  Here, plaintiff "certified" that the claims he has raised against defendants in this action have not been raised and disposed of in another court. (Dkt.. Entry No. 57.)  Plaintiff, however, omitted the words "under penalty of perjury that the foregoing is true and correct" as required under 28 U.S.C. § 1746. (<u>Id.</u>) The Court will excuse this non-compliance but orders Tucker that any future certifications he files pursuant to Chief Judge Bissell's November 14, 2004 Order must comply with 28 U.S.C. § 1746.

                                                        <u>s/ William H. Walls</u>
                                                    United States Senior District Judge